**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF**
**GEORGIA**

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** *for the use of and benefit of* **A&H CONTRACTING GROUP, LLC.,** d/b/a **A&H FORENSIC ROOFING** <br>        Plaintiff, <br> <br> v. <br> <br> **LIBERTY MUTUAL INSURANCE COMPANY, and ZODIAC-POETTKER JOINT VENTURE LLC and TOTAL ROOFING CONCEPTS, LLC** <br> <br>        **Defendants.** | Cause No. **5:19-CV-10** |

**MEMORANDOM OF LAW IN SUPPORT OF MOTION FOR DEFAULT**

PLAINTIFF THE UNITED STATES OF AMERICA, for the use of and benefit of A&H CONTRACTING GROUP, L.L.C., d/b/a/ A&H FORENSIC ROOFING ("A&H") has moved for a default judgment pursuant to Rule 55 of the FRCP against defendant Total Roofing Concepts, this Memorandum of Law is offered in support of that motion.

**I.     STATEMENT OF FACTS**

1.      On or about October 24, 2016, the U.S. Army Corp of Engineers ("USACE") contracted with Zodiac-Poettker Joint Venture LLC, the general contractor, to, among other things, install a roof at the new Air Force Reserve Command (AFRC) Consolidated Mission Complex (Phase I) under contract W912QR-17-C-0001, (hereinafter referred to as the "Project").

2.      The USACE is the owner of the Project.

3.      Zodiac-Poettker Joint Venture ("Zodiac") was the general contractor for the Project.

4.      Total Roofing Concepts, LLC ("Total Roofing") was engaged by Zodiac as a first-tier subcontractor for the roofing work.

5. A&H Forensic Roofing was engaged by Total Roofing as a second-tier subcontractor to perform certain work on the roof.

6. The Project was located in Houston County, Georgia.

7. On August 10, of 2017 Total Roofing entered into a subcontract with A&H Forensic Roofing as part of the Project, in the principal amount of $149,824.26, under which A&H would provide roofing work for the Project (the "Subcontract"). See EXHIBIT 1.

8. The work performed by A&H was required to be performed by Zodiac under its contract with the United States, by and through USACE.

9. A&H was to begin work on the site on or about September 2017.

10. There was additional work added to the Project on or about August 29, which was not caused by A&H, and A&H requested a change order under the Subcontract with Total Roofing (hereinafter referred to as "Change Order 1"). See EXHIBIT 2.

11. Total Roofing acknowledged Change Order 1.

12. On or about September 22, 2017, Total Roofing emailed its agreement with Change Order 1 to A&H. See EXHIBIT 3.

13. A second change order was submitted which included claims for delays and other roofing requirements due to changes in the scope of work on or about January 2018. See EXHIBIT 4.

14. To date, neither of change orders, nor the original contract has been paid in full for the services performed and accepted.

15. Pursuant to the Application and Certificate for payment submitted to Total Roofing on January 15, 2018, the total amount due under the contract after allowing all just and lawful offsets, payments and credits are applied, is $66,400.45. See EXHIBIT 5. To date, this invoice has not been paid in full for the services performed and accepted. See EXHIBIT 8.

16. The payment terms of the subcontract entered into between Total Roofing and A&H state that payment for change orders is due upon receipt and that interest shall accrue on

any unpaid balance beginning 2 days past the due date at a rate of 18% per annum. (Exhibit 1 at 2) Interest started accruing on $66,400.45 starting January 17, 2018 two days after submission of the invoice.

17. The payment terms of the subcontract between Total Roofing and A&H specify that "if legal proceedings are required to collect an unpaid balance, all costs, including actual attorney fees shall be added to the unpaid balance." (Exhibit 1 at 2).

18. To date the attorney's fees and costs total $29,011.89. See EXHIBIT 6.

19. On January 8, 2018 a complaint was filed with the US District Court for the Middle District of Georgia against various defendants including Total Roofing Concepts, LLC alleging among other things, breach of contract and unjust enrichment.

20. Service of process was made by serving Sean E Landry, a corporate officer of Total Roofing, on March 28, 2019. See EXHIBIT 7.

21. To date no Answer or other response has been received from Defendant, Total Roofing.

## II.     LEGAL ARGUMENT

Pursuant to Rule 55 of the FRCP "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise the clerk must enter the party's default."

*Rule 55 FRCP*

Attached to this motion is the return of service Total Roofing Concepts was served with process on March 28, 2019 (Exhibit 4). Pursuant to Rule 12 FRCP Total had 21 days to respond to the complaint, in other words Total should have filed its Answer by April 18, 2019. If a defendant fails to plead or otherwise defend a lawsuit within the time required by Fed. R. Civ. P. 12(a)(1)(A), upon motion, the clerk must enter default against the defendant pursuant to Fed. R. Civ. P. 55(a). A default constitutes admission of all well-pleaded factual allegations contained in the complaint. *Cotton v. Mass. Mut. Life Ins. Co.,* 402 F.3d 1267, 1278 (11th Cir. 2005);

*Anheuser-Busch, Inc. v. Philpot*, 317 F. 3d 1264, 1266 (11th Cir. 2003). Entry of default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Plaintiff A&H is entitled to default judgment against Defendant, Total Roofing.

A&H and Total entered into the subcontract in question on August 2, 2017, Exhibit 1. Included as part of that contract were several clauses under the payment terms, clause 4 requires payment of 100% of executed change orders upon receipt of the bill. (Id. at 2). Additionally, any unpaid balance requires that interest shall accrue on any outstanding amounts starting 2 calendar days past the due date at 1 ½ % per month. (Id.) Finally if legal proceedings are required "all costs including actual attorney fees shall be assed to the unpaid balance." (Id.) A&H is therefore entitled to the unpaid amounts due, preaward interest, costs and attorney fees pursuant to the Subcontract that Total Roofing breached.

WHEREFORE PREMISES CONSIDERED, the UNITED STATES OF AMERICA on behalf of and to the use of A&H CONTRACTING GROUP, L.L.C., d/b/a/ A&H FORENSIC ROOFING requests judgment against Defendants LIBERTY MUTUAL INSURANCE COMPANY, and ZODIAC-POETTKER JOINT VENTURE LLC and TOTAL ROOFING CONCEPTS, LLC., requests the entry of a default judgment against defendant Total Roofing as follows:

      a. Actual damages; $66,400.45

      b. Pre-judgment interest of $25,761.39

      c. Post-judgment interest at the highest rate as allowed by law;

      d. Costs of court

      e. Attorney's fees pursuant to the contract of $29,011.89

      f. Total amount- $121,173.93

Respectfully submitted,

**ROSE CONSULTING LAW FIRM**
**P. O. Box 2186**
Valdosta, GA 31604  Phone: (678) 854-0222
Telefax: (678) 999-8532

By: */s/ David A. Rose*
David A. Rose
GA Bar No. 614180
drose@roseconsultingllc.org
Attorney for Plaintiff