UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
GEORGIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *for the use of* and benefit of **A&H CONTRACTING GROUP, LLC.,** d/b/a **A&H FORENSIC ROOFING** )<br>    Plaintiff, )<br> )<br>v. ) <br> )<br>**LIBERTY MUTUAL INSURANCE COMPANY, and ZODIAC-POETTKER JOINT VENTURE LLC and TOTAL ROOFING CONCEPTS, LLC** )<br> )<br>    **Defendants.** ) | Cause No. **5:19-CV-10** |

**DEFAULT JUDGMENT**

A&H CONTRACTING GROUP, LLC., d/b/a A&H FORENSIC ROOFING (A&H) having requested and received a Clerks entry of default now moves for an entry of default judgment against defendant Total Roofing Concepts pursuant to rule 55 Federal Rules of Civil Procedure (FRCP). A&H having supplied the court with sufficient facts, including the unsworn statement pursuant to 28 USC 1746, of David M. Piterski, president of A&H Contracting Group and other documents, finds the following facts:

1.  On or about October 24, 2016, the U.S. Army Corp of Engineers ("USACE") contracted with Zodiac-Poettker Joint Venture LLC, the general contractor, to, among other things, install a roof at the new Air Force Reserve Command (AFRC) Consolidated Mission Complex (Phase I) under contract W912QR-17-C-0001, (hereinafter referred to as the "Project").

2.  The USACE is the owner of the Project.

3.  Zodiac-Poettker was the general contractor for the Project.

4.  Total Roofing Concepts, LLC was engaged by Zodiac-Poettker as a first-tier

subcontractor for the roofing work.

5. A&H Forensic Roofing was engaged by Total Roofing as a second-tier subcontractor to perform certain work on the roof.

6. The Project was located in Houston County, Georgia.

7. On August 10, of 2017 Total Roofing entered a subcontract with A&H Forensic Roofing as part of the Project, in the principal amount of $149,824.26, under which A&H would provide "a specific scope of work for the" roofing work for the Project (the "Subcontract").

8. The work performed by A&H was required to be performed by Zodiac under its contract with the United States, by and through USACE.

9. A&H was to begin work on the site on or about September 2017.

10. There was additional work added to the Project on or about August 29, which was not caused by A&H, and A&H requested a change order under the Subcontract with Total Roofing (hereinafter referred to as "Change Order 1").

11. Total Roofing acknowledged Change Order 1.

12. On or about September 22, 2017, Total Roofing emailed its agreement with Change Order 1 to A&H.

13. A second change order was submitted which included claims for delays and other roofing requirements due to changes in the scope of work on or about January 2018.

14. To date, neither of change orders, nor the original contract has been paid in full for the services performed and accepted.

15. An application and certification of payment dated 1/15/18, was submitted to Total Roofing by A&H on January 15, 2018, in the amount of $66,400.45.

16. The total amount due under the contract after allowing all just and lawful offsets, payments, and credits are applied is $66,400.45. To date, this invoice has not been paid in full for the services performed and accepted.

17. As part of the contract entered into by Total on August 2, 2017, Clause 4 requires payment of 100% of executed change orders upon receipt of the bill any unpaid balance requires that interest shall accrue on any outstanding amounts starting 2 calendar days past the due date at 1 ½ % per month. If legal proceedings are required "all costs including actual attorney fees shall be assed to the unpaid balance."

The court having carefully reviewed the pleadings and found a sufficient basis in the pleadings for the entry default judgment. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

It is therefore, ORDERED ADJUDGED AND DECREED, that judgment be entered against defendant TOTAL ROOFING CONCEPTS, LLC., as follows:

    a. Actual damages of $66,400.65;

    b. Pre-judgment interest of $25,761.39;

    c. Post-judgment interest as allowed by law;

    d. Costs of court;

    e. Reasonable and necessary attorney's fees in the amount of $29,011.89.

Dated: _____, 2019

                                        _____
                                        The Honorable Judge Tilman E. Self, III